UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK


FILED August 29, 2017 BANKRUPTCY COURT ROCHESTER, NY

In re:

    Jason E. and Wendy S. Heskell,

               Debtors.

Bankruptcy Case No. 17-20735-PRW
Chapter 13

# DECISION AND ORDER
# DETERMINING THAT CERTAIN REAL PROPERTY
# IS NOT PROPERTY OF THE ESTATE UNDER 11 U.S.C. § 541(a)(1),
# AND THAT 11 U.S.C. § 1322(c)(1) DOES NOT APPLY IN THIS CASE

PAUL R. WARREN, United States Bankruptcy Judge

    This chapter 13 case was commenced on July 6, 2017, for the purpose of stopping a property tax foreclosure action by the County of Steuben ("County"). (ECF Nos. 1, 24 ¶ 1). The County quickly reacted by filing a motion requesting that the Court issue an order declaring that real property, located at 8540 Clinton Street, Campbell, New York ("Property"), is not property of the estate under 11 U.S.C. § 541 (ECF No. 21). The County also requests that the Court determine that the automatic stay does not apply to proceedings, taken by the County after this chapter 13 case was filed, to transfer title to the Property under Article 11 of the New York Real Property Tax Law ("RPTL"). The Debtors interposed opposition, arguing that the County had failed to carry the burden of proof necessary to obtain stay relief—perhaps based on a misreading of the County's motion. The Court treated the Debtors' opposition as a cross-motion requesting a determination that the County violated the automatic stay. The Court held a hearing on the motions on August 24, 2017, after which the motions were taken under submission.

Because the Debtor failed to redeem the Property under RPTL § 1110(1), and failed to seek to vacate the judgment of foreclosure under RPTL § 1131—and the period to do either expired before the filing of the petition initiating this case—the foreclosed Property is not and was not "property of the estate" under 11 U.S.C. § 541(a)(1). As a result, the automatic stay did not prohibit the County from conducting a post-petition auction resale of the Property. Under the binding precedent established by the holding in *Wisotzke v. Ontario County*, 409 B.R. 20 (W.D.N.Y. 2009) (Larimer, J.), *aff'g*, 392 B.R. 39 (Bankr. W.D.N.Y. 2008), *aff'd*, 382 Fed. Appx. 99 (2d Cir. 2010), 11 U.S.C. § 1322(c)(1) did not toll or extend the Debtor's time to redeem the property from the tax foreclosure action, because the Debtor had been stripped of title under RPTL § 1131 before this chapter 13 case was filed. The motion of the County is, in all respects, **GRANTED**. The Debtors' cross-motion, requesting a determination that the County violated the automatic stay by conducting a post-petition resale of the property is, in all respects, **DENIED**.

## I.

## JURISDICTION

The Court has subject matter jurisdiction under 28 U.S.C. §§ 157(a) and 1334(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(G) and (O). The Court makes these findings of fact and conclusions of law to the extent required by Rule 7052 FRBP.

## II.

## FINDINGS OF FACT

The critical facts are few in number and undisputed. Wendy Heskell owned real property located in Steuben County at 8540 Clinton Street, in the town of Campbell, New York.[1] (ECF No. 21 ¶ 1). Ms. Heskell failed to pay the 2015 real estate taxes assessed against the Property. (ECF No. 30 ¶ 1). As a consequence, on November 4, 2016, the County started an action to foreclose its tax lien under Article 11 of the RPTL. (ECF No. 21 ¶ 5). Ms. Heskell does not dispute the fact that she was properly served with the petition in the tax foreclosure action. (*Id.* ¶¶ 6-8). Under RPTL § 1131, the last date by which Ms. Heskell could redeem the Property was March 3, 2017. (*Id.* ¶ 9; ECF No. 30 ¶ 1). Ms. Heskell did not answer or otherwise appear in the foreclosure action, and she does not contest its validity. (ECF No. 21 ¶¶ 6-9). And, Ms. Heskell failed to redeem the Property by the deadline established under New York law. (*Id.* ¶ 9).

On May 4, 2017, a default judgment of foreclosure was entered in favor of the County and against Ms. Heskell, under RPTL §§ 1131 and 1136. (*Id.* ¶ 10). Under New York law, Ms. Heskell had 30 days to file an application seeking to vacate the default judgment of foreclosure—the date to file such an application expired on June 4, 2017. (*Id.* ¶ 11). Ms. Heskell did not file an application seeking to vacate the default judgment, under RPTL § 1131, by the June 4, 2017 deadline. (*Id.*). The judgment of foreclosure was, at that point, final and not reviewable. Ms. Heskell did nothing, under state law, in response to the *in rem* foreclosure action. (*Id.*). On July 6, 2017, long after the time periods slipped away under RPTL § 1131, Ms. Heskell filed this chapter 13 case. (ECF No. 1). About a week later, the County conducted an auction resale of the Property under RPTL § 1161. (ECF No. 21 ¶ 12). These motions followed.

---

[1]    Ms. Heskell held title to the Property under her former name, Wendy Shoff.

## III.
## ISSUES

The first question is whether the Property was "property of the estate" under 11 U.S.C. § 541(a)(1), where the County conducted a lawful *in rem* tax foreclosure action under Article 11 of the RPTL, and Debtor failed to redeem the Property within the time limits set by RPTL § 1131—all of which time limits expired under New York law before the chapter 13 petition was filed. The second question is whether the County's auction resale of the Property, after the chapter 13 petition was filed, violated the automatic stay under 11 U.S.C. § 362(a). The last question is whether the Debtor's right to redeem the Property from the tax foreclosure action is extended under 11 U.S.C. § 1322(c)(1). The answer to all three questions is: No.

## IV.
## CONCLUSIONS OF LAW

Before addressing the legal precedent that guides the Court in granting the relief requested by the County, a word or two about the position taken by Ms. Heskell's counsel. Each of the arguments advanced by Ms. Heskell was considered—and squarely rejected—by the District Court in *Wisotzke v. Ontario County*, 409 B.R. 20 (W.D.N.Y. 2009) (Larimer, J.), *aff'g*, 392 B.R. 39 (Bankr. W.D.N.Y. 2008), *aff'd*, 382 Fed. Appx. 99 (2d Cir. 2010). Oddly, however, Ms. Heskell's submissions offer no discussion of either the District Court or Second Circuit decisions in *Wisotzke*. Instead, Ms. Heskell refers only to the bankruptcy court's *Wisotzke* decision, and invites this Court to distinguish that holding. (ECF No. 24 ¶¶ 14-15). Specifically, counsel argues that the bankruptcy court's *Wisotzke* holding was based on the fact that title to the real estate was not held in the debtor's name at the moment the chapter 13 petition was filed. (ECF No. 24 ¶¶ 11-15; ECF No. 31 ¶¶ 2-5). Counsel goes so far as to assert that "*it is clear that*

4

*Judge Ninfo's ruling was based upon a premise that the debtors were not entitled to take a homestead exemption in the property* they were residing on. As a result of not being able to take a homestead exemption the debtors in *Wisotzke* were not entitle [sic] to the protections of [11 U.S.C. §] 1322(c)(1)." (ECF No. 31 ¶¶ 6-7) (emphasis added).

Even the most tortured, imagined, or wished-for reading of Judge Ninfo's *Wisotzke* decision does not support counsel's argument. In fact, Judge Ninfo wrote that "[a]t the Initial Hearing, the Court raised the issue of the Debtor's ownership interest in the Sherbrooke Property. *However, it was not necessary for the Court to determine whether the Debtor had any ownership interest in order to decide the Ontario County Motion, since there was no dispute that he was bound by the Tax Proceeding and the Default Judgment.*" *Wisotzke*, 392 B.R. at 44 n.7 (emphasis added). Counsel's legal argument, steadfastly repeated several times during oral argument, treads dangerously close to the line drawn by Rule 9011(b)(2) FRBP.

The District Court and the Second Circuit have spoken in *Wisotzke*. Those decisions are binding precedent. The operative facts and law here are squarely on point with those in *Wisotzke*, in every meaningful respect. A law student might say that *Wisotzke* is "on all fours"—and that student would be correct. *See Garner's Dictionary of Legal Usage* 633 (3d ed. Oxford 2011) (defining "on all fours" as "squarely on point with regard to both facts and law"). This Court need only apply the holding of the District Court in *Wisotzke*—adopted by the Second Circuit in its affirmance—to arrive at its decision granting the motion of the County in all respects.

**A.     The Property Is Not "Property of the Estate"**

Property of a debtor's estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). "Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." *Butner v. United States*, 440 U.S. 48, 55 (1979); *accord, Stern v. Marshall*, 546 U.S. 462 (2011). The solution to the puzzle of whether the Property was "property of the estate," under 11 U.S.C. § 541(a)(1), must be found in New York law. *See In re Rodgers*, 333 F.3d 64, 65 (2d Cir. 2003).

Under New York law, by operation of RPTL § 1131, Ms. Heskell lost title to the Property on May 4, 2017, upon entry of the default judgment of foreclosure. *See Wisotzke*, 409 B.R. at 22. And, on June 4, 2017, Ms. Heskell's ability to challenge that default judgment was forever extinguished under RPTL § 1131. Ms. Heskell lost legal and equitable title to the Property pre-petition under state law, by failing to timely redeem the Property under RPTL § 1131. *See id.* at 21. The filing of a chapter 13 petition on July 6, 2017, did nothing to reverse the hands of the clock that had counted down to zero under New York law. The Property is not and was not "property of the estate" as defined under 11 U.S.C. § 541(a)(1). *See id.* (holding of District Court adopted by the Second Circuit); *see also Miner v. Clinton Cnty.*, 541 F.3d 464, 474 (2d Cir. 2008); *Rodgers*, 333 F.3d at 68. As the property was not property of the estate, there could not have been a violation of the automatic stay under 11 U.S.C. § 362(a), occasioned by the auction resale of the Property by the County after the chapter 13 case was filed.

**B.     The Right to Redeem Was Not Extended by 11 U.S.C. § 1322(c)(1)**

Ms. Heskell makes two arguments to attempt to find shelter under federal law, because shelter under New York law is no longer available. First, she argues that 11 U.S.C. § 1322(c)(1) gives her additional rights to cure the tax default up to the time of a "foreclosure sale." (ECF No. 31 ¶ 12). Ms. Heskell's argument *seems to be* that, because the auction resale of the Property by the County under RPTL § 1166 took place after the chapter 13 petition was filed, she has the right to cure the tax default under 11 U.S.C. § 1322(c)(1).[2] (ECF No. 24 ¶¶ 8, 16-18).

That identical argument was specifically rejected by the District Court in *Wisotzke*, where Judge Larimer held that "because the debtor had already been stripped of title to the Property by operation of N.Y. RPTL § 1131 and the resulting default judgment, which directed the transfer of possession and title from the debtor to the County, it would have been impossible for a 'foreclosure sale' within the meaning of Section 1322—that is, a sale which transferred title away from the debtor on the grounds of foreclosure—to have taken place thereafter." *Wisotzke*, 409 B.R. at 23 (internal citations omitted). In affirming the District Court, the Court of Appeals held that "the *in rem* tax foreclosure proceeding conducted by Ontario County following the judgment of foreclosure was not a 'foreclosure sale' within the meaning of 11 U.S.C. § 1322(c)." *Wisotzke*, 382 Fed. Appx. at 99.[3] Here, because the default judgment of foreclosure under RPTL

---

[2]     Searching for clues to decipher counsel's argument gave the Court a new-found appreciation for how Henry Morton Stanley must have felt when, after a two year search in the jungles of Africa, he finally found occasion to utter those famous (perhaps fictional) words: "Dr. Livingstone, I presume?"

[3]     Both the bankruptcy court and District Court in *Wisotzke* assumed for purposes of argument—but did not find—that § 1322(c)(1) of the Code applied to an *in rem* tax foreclosure. However, the bankruptcy court expressed some doubt about whether 11 U.S.C. § 1322(c)(1) applied to a tax foreclosure, where the legislative history showed it was enacted to address only mortgage foreclosures. *Wisotzke*, 392 B.R. at 47 & n.12. This Court need not—and does not—

7

§ 1131 was entered pre-petition—and the 30 day period to seek to vacate that judgment also expired pre-petition—any argument Ms. Heskell may have had under 11 U.S.C. § 1322(c)(1) was extinguished before this chapter 13 case was commenced. Under *Wisotzke*, by operation of New York law, Ms. Heskell cannot use § 1322(c)(1) of the Code to sponge away the writing on the stone.[4]

Second, Ms. Heskell argues that the judgment of foreclosure extinguishes her rights in the Property only upon the recording of a deed by the County. (ECF No. 24 ¶ 18). And counsel affirmatively represented to the Court that the County failed to record a deed to the Property before this chapter 13 case was filed. (*Id.*). However, the public record demonstrates that the County *did record a deed to the Property on May 8, 2017*, long before the chapter 13 petition was filed. (ECF No. 30 ¶ 3 & Ex. B).

Not only does Ms. Heskell's argument lack any factual support,[5] that identical argument was specifically rejected, as a matter of law, by the District Court in *Wisotzke*, where the Court held that "the recording of a new deed pursuant to N.Y. RPTL § 1136(3) was a ministerial act, and that the County's failure to draft and record a new deed until after the resale of the Property at auction did not affect the validity of the default judgment's explicit transfer of possession and title to the Property to the County." *Wisotzke*, 409 B.R. at 23 & n.1 (harmonizing *Rodgers* and finding that "by operation of state law, possession and title are transferred, and redemption rights

---

determine whether § 1322(c)(1) of the Code applies to an *in rem* tax foreclosure, in deciding the County's motion.

[4] "Oh, tell me I may sponge away the writing on this stone!" Charles Dickens, *A Christmas Carol*, Stave IV (Chapman & Hall 1843).

[5] Counsel's uncorrected misstatement of that fact might be further reason for the twitch of an eyebrow under Rule 9011(b)(3) FRBP.

extinguished, by the judgment of foreclosure itself" under RPTL §§ 1131 and 1136(3)). Those rulings by the District Court were adopted by the Second Circuit, in affirming the District Court's holding in *Wisotzke* on both grounds. The auction resale of the Property under RPTL § 1166 was not a "foreclosure sale" for purposes of 11 U.S.C. § 1322(c)(1). Ms. Heskell's right to redeem the Property was forever lost under New York law before this chapter 13 case was filed.

V.

## CONCLUSION

The Property was not "property of the estate" under 11 U.S.C. § 541(a)(1) by operation of state law. Because the default judgment of foreclosure under RPTL § 1131 was entered pre-petition, the Debtor has no right to cure the default under 11 U.S.C. § 1322(c)(1). The County's post-petition auction resale of the Property did not violate the automatic stay under 11 U.S.C. § 362(a). The motion by the County of Steuben is, in all respects, **GRANTED**. The Debtors' cross-motion, seeking a determination that the County violated the automatic stay is, in all respects, **DENIED**.

IT IS SO ORDERED.

DATED: August 29, 2017 _____/s/_____
      Rochester, New York         HON. PAUL R. WARREN
                                            United States Bankruptcy Judge